UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CRIMINAL NO.  W-11-CR-194 |
| | * | |
| SHELTON BERNARD HOPKINS, JR. | * | |

### FACTUAL BASIS

Had this case proceeded to trial, the United States Attorney for the Western District of Texas was prepared to prove and would prove that:

On or about June 30, 2011, in the Western District of Texas, Defendant,

**SHELTON BERNARD HOPKINS, JR.**,

unlawfully, knowingly, and intentionally did possess with intent to distribute a controlled substance, which offense involved at least 28 grams of a mixture or substance containing cocaine base, also known as "crack" cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

Specifically, the United States Attorney would prove beyond a reasonable doubt that:

On June 30, 2011, Williamson County officers were the residence of the Defendant in Temple, Bell County, Texas, which is located in the Waco Division of the Western District of Texas, to execute warrants for a parole violation and felon in possession of a firearm regarding the Defendant, SHELTON BERNARD HOPKINS, JR.  Officers located the Defendant inside the residence and took him into custody.  While officers were arresting the Defendant, they noticed what appeared to be "crack" cocaine on the kitchen counter.  During the arrest, a crowd

1

began to gather outside the residence and began to get rowdy.  The officers had placed the Defendant in handcuffs and he was seated on the ground in or just outside the residence while the Williamson County officers waited for Temple Police officers to arrive with a search warrant.  While Williamson County officers turned their attention to the crowd, HOPKINS got up from the ground and ran into the bathroom where he locked the door.  Officers got the door opened and caught HOPKINS dumping bags of "crack" cocaine into the toilet in an attempt to destroy the narcotics.  The water to the toilet was not running so none of the "crack" cocaine was flushed.  HOPKINS was then escorted from the bathroom.

During the execution of the search warrant, officers found "crack" cocaine on the kitchen counter, under the kitchen stove, and in the bathroom .  Officers also found powder cocaine in a sock under the kitchen stove.  Officers found a set of car keys on the counter top next to the kitchen sink, and the Defendant claimed the car keys as belonging to him.  On the set of keys was a house key to the residence.  Officers also found on top of the refrigerator several pieces of mail addressed to the Defendant at that residence.  Marijuana was located in the Defendant's pocket, along with $282 in cash.  Digital scales were found in the bathroom and bedroom.

The suspected "crack" cocaine was submitted to the United States Drug Enforcement Administration Laboratory, and the substance was verified to contain cocaine base, i.e. crack cocaine, with a net weight of 275.4 grams.  The actual drug amount was 113.7 grams.

Based on the training and experience of Brian Orange, Temple Police Department, the amount of "crack" cocaine found at the Defendant's residence was an amount intended for distribution.

                Respectfully submitted,

                ROBERT PITMAN
                United States Attorney

                /s/ *Gregory S. Gloff*

By:    GREGORY S. GLOFF
       Assistant United States Attorney