# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION



| | |
|---|---|
| **SHELTON BERNARD HOPKINS, JR.** § | |
| § | |
| V. § | **W-17-CV-115-LY** |
| § | **(Crim. No. W-11-CR-194(1))** |
| **UNITED STATES OF AMERICA** § | |

## ORDER

Before the court are Movant Shelton Bernard Hopkins Jr.'s Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#46) and his Amended Motion (#50). Hopkins is proceeding *pro se*.

## Background

On August 9, 2011, Hopkins was charged in a one-count indictment with possession with intent to distribute a controlled substance, involving a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). On April 12, 2012, Hopkins entered a plea of guilty to the indictment. On June 6, 2012, Hopkins was sentenced to 210 months of imprisonment, followed by a five-year term of supervised release, a $1,000 fine, and a $100 mandatory assessment fee.

On June 18, 2012, Hopkins filed a pro se notice of appeal. Counsel was appointed for his appeal and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). The Fifth Circuit agreed the appeal presented no non-frivolous issues for review and dismissed the appeal as frivolous on March 15, 2013. Hopkins executed his Section 2255 motion on April 13, 2017.

In his motion, Hopkins claims his sentence was improper because the enhancement he received for obstruction of justice was not a part of the indictment. Hopkins also claims his trial counsel was ineffective for failing to raise a Fourth Amendment challenge.

**Analysis**

Section 2255 contains a one-year limitations period for the filing of a motion to vacate, set aside, or correct a federal sentence. *See* 28 U.S.C. § 2255(f). This limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id.*

Here, Hopkins was sentenced on June 6, 2012, and the court's judgment was entered on June 12, 2012. Hopkins filed a notice of appeal and the Fifth Circuit dismissed his appeal as frivolous on March 15, 2013. Hopkins had until June 13, 2014, to timely file his Section 2255 motion. Hopkins did not execute his Section 2255 motion until April 13, 2017, nearly three years after the limitations period had expired.

Hopkins does not indicate any reason that he should be excused from the one-year limitations period. Hopkins does not indicate that any governmental action impeded his ability to file timely, or that he is asserting a new right. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

-2-

extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Hopkins does not establish either. His arguments are based essentially on objections he raised at sentencing and in his appeal, which were rejected. There is no indication whatsoever that Hopkins has been pursuing his rights diligently. Thus, Hopkins is not entitled to equitable tolling.

## Conclusion

Because Hopkins's motion was untimely filed, and he failed to exercise due diligence to justify equitable tolling, the court dismisses his Section 2255 motion with prejudice, as time-barred.

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

-3-

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial or dismissal of Hopkins's Section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See id.* Thus, a certificate of appealability shall not be issued.

Accordingly,

IT IS ORDERED that Movant Shelton Bernard Hopkins, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [#46] and Amended Motion to Vacate [#50] are DISMISSED WITH PREJUDICE as time-barred.

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

Signed this 7th day June 2017.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE